**Nelson Neftali CHAVARIA, aka Nelson
Neftali Chavarria Dominguez,
Petitioner,**

v.

**Loretta E. LYNCH, Attorney
General, Respondent.**

No. 13–70237.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Raul Gomez, Esquire, Araceli S. Perez–Brizo, Esquire, Law Office of Raul Gomez, Los Angeles, CA, for Petitioner.

Sunah Lee, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Nelson Neftali Chavaria, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Chavaria failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008). The record does not support Chavaria's contention that the agency failed to consider the country conditions evidence.

In denying Chavaria's asylum and withholding of removal claims, the agency found he failed to establish past persecution or a fear of future persecution on account of a protected ground. When the BIA and IJ issued their decisions in this case, they did not have the benefit of either this court's decisions in *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726

F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. HolderPirir–Boc v. Holder*, 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–*, 26 I. & N. Dec. 227 (BIA 2014) and *Matter of W–G–R–*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Chavaria's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

